# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| John Hennager, individually, and as the legal guardian on behalf of A.R.T., a minor,<br><br>        Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>        Defendant. | Case No. 3:19-cv-258<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff John Hennager brings this claim pursuant to the Federal Tort Claims Act (FTCA), alleging negligence of the Bureau of Indian Education (BIE), a division of the Bureau of Indian Affairs, which is an agency of the United States Department of the Interior. (Doc. 1-1, p. 1; Doc. 13, p. 2). Defendant United States of America moved to dismiss the complaint, contending the court lacks subject matter jurisdiction because of failure to complete the administrative process. (Doc. 12; Doc. 13). The claim alleged negligence of the Circle of Nations School in Wahpeton, North Dakota (Circle of Nations), an inter-tribal, off-reservation boarding school funded by a grant from the BIE.[1] (Doc. 13, p. 2). After receiving no response or denial from the BIE for eighteen months, Hennager filed a complaint on his own behalf and as the legal guardian of A.R.T., a minor. (Doc. 1, pp. 1-2).

In opposing the United States' motion to dismiss, (Doc. 16), Hennager filed his own affidavit, (Doc. 22), and an affidavit of Jonathon (Jack) Yunker, (Doc. 21), one of

---

[1] "Circle of Nations receives grant funds from the BIE . . . [but] the United States has no actual role in the day-to-day management of the school." (Doc. 24, p. 7 n.3).

Hennager's attorneys, and requested a hearing on the United States' motion to dismiss, (Doc. 20). The United States filed a reply brief and a response to the motion for a hearing. (Doc. 24; Doc. 25). The chief district judge referred the motions to this court for preparation of a report and recommendation. (Doc. 26).

## Summary of Recommendation

In this court's opinion, the court lacks jurisdiction over Hennager's complaint and the United States' motion to dismiss for lack of subject matter jurisdiction should therefore be granted. Hennager did not submit evidence of his authority to bring a claim on behalf of A.R.T. until after he filed suit in federal district court. The Eighth Circuit has held such evidence must be presented to the federal agency contemporaneously with the administrative claim itself. Additionally, it is this court's opinion Hennager did not allege facts in his administrative claim from which the court may infer his own claims of negligence and negligent infliction of emotional distress. An FTCA claim may not be raised for the first time in federal district court. In this court's opinion, Hennager did not exhaust administrative remedies for claims on behalf of A.R.T. or his own claims and therefore the court lacks jurisdiction over Hennager's complaint. Because the briefs adequately discuss the issues, Hennager's request for a hearing should be denied.

## Background

The FTCA, 28 U.S.C. § 1346, is "a limited waiver of the United States'[ ] sovereign immunity . . . [which] permit[s] persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011) (citing Molzof ex rel. Molzof v. United States, 502 U.S. 301, 304 (1992)). The FTCA grants federal district courts exclusive jurisdiction over such claims "where the United States, if a private person, would be liable to the claimant in

accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Hennager presented an administrative claim to the BIE via an executed Standard Form 95. (Doc. 1-1, pp. 1-2); 28 C.F.R. § 14.2(a). The claim alleged Hennager's grandson, A.R.T., "over whom he has custody, was sexually assaulted at the Circle of Nations school." (Doc. 1-1, p. 1). The claim further alleged Circle of Nations "fail[ed] to provide [a safe] and secure environment for A.R.T. and . . . to properly safeguard A.R.T. from persons known to have a history of abusive behavior." Id. Hennager did not submit any documentation establishing his guardianship over A.R.T with the administrative claim.

The BIE received Hennager's administrative claim on May 29, 2018, via a letter from Hennager's attorney. (Doc. 13, p. 2). Hennager received no response or denial from the BIE prior to initiating this litigation.[2] (Doc. 1, p. 2). Eighteen months after submitting the administrative claim, Hennager filed this case "within two (2) years of the offending incident." Id. The complaint alleges A.R.T. "was sexually assaulted by another student on or about February 20, 2017" in a dormitory at Circle of Nations. Id. at 3. The complaint alleges one count of negligence for failure to adequately supervise, one count of negligence for failure to provide a safe environment, and one count of negligent infliction of emotional distress. Id. at 5-9. The complaint further alleges Hennager and A.R.T. "sustained and continue to sustain serious, permanent physical and emotional injuries" due to negligence of the BIE and the United States. Id. at 6-9.

The United States asserts this court lacks subject matter jurisdiction because Hennager failed to exhaust administrative remedies under the FTCA. (Doc. 13, p. 1). The

---

[2] A March 20, 2020 letter to Hennager's law firm advised the administrative claim was denied because this lawsuit had been filed. (Doc. 21-1).

United States contends Hennager's administrative claim required inclusion of evidence of his authority to bring an administrative claim on behalf of A.R.T because "the Eighth Circuit holds that submitting such evidence is a critical component of the FTCA's presentment requirement." Id. (citing Mader, 654 F.3d at 807). Additionally, the United States asserts Hennager failed to submit any administrative claim for his own personal injuries. Id.

In opposing the United States' motion to dismiss, Hennager states "subject matter jurisdiction can be established by matters previously outside the pleadings, namely the Custody Order entered by the Spirit Lake Tribal Court . . . which establishes John Hennager's authority to bring a claim on behalf of A.R.T." (Doc. 16, p. 3). Hennager contends "the need to protect the rights of a minor child outweigh[s] and excuse[s] literal compliance with administrative claim requirements." Id. at 8. Hennager asserts the United States was put on notice by his administrative claim and therefore should have requested information regarding his authority to bring an administrative claim on behalf of A.R.T. Id. Hennager also contends this case is distinguishable from the Eighth Circuit's decision in Mader and "requires compatible divergence from that opinion." Id. at 9. Hennager maintains he satisfied the presentment requirement for A.R.T.'s claim and his own claim because he gave written notice sufficient to enable the BIE to investigate the claims and the amount of damages sought. Id. at 5, 14-15 (citing Campbell v. United States, 795 F. Supp. 1118, 1121 (N.D. Ga. 1990)).

In response, the United States asserts Hennager "cannot cure his administrative-level jurisdictional defect at the district court level." (Doc. 24, p. 2). The United States contends the Eighth Circuit does not recognize an "extenuating circumstances" exception for administrative claims involving allegations of sexual assault of children.

4

Id. at 6 (citing Runs After v. United States, 511 F. App'x 596, 597 (8th Cir. 2013)). The United States points out that, contrary to Hennager's characterization of jurisdictional requirements, "the pleading of jurisdiction is not a mere technicality." Id. at 5. The United States also asserts it was not the BIE's burden to request evidence regarding Hennager's authority to bring an administrative claim on behalf of A.R.T. Id. at 8. Additionally, the United States notes Hennager made no inquiry about the status of the claim after filing it with the agency. Id.

## Law and Discussion

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Marine Equip. Mgmt. v. United States, 4 F.3d 643, 646 (8th Cir. 1993). Subject matter jurisdiction is a "threshold question" which "involves a court's power to hear a case and can never be forfeited or waived." Green Acres Enters., Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005); United States v. Cotton, 535 U.S. 625, 630 (2002). The United States contends the court lacks subject matter jurisdiction because Hennager failed to exhaust his administrative remedies and thus moves to dismiss under Federal Rule of Civil Procedure 12(b)(1). (Doc. 13, p. 1). A claimant may not file suit in a federal district court unless an FTCA claim was first properly presented to the appropriate federal agency within two years of when the claim accrued. Allen v. United States, 590 F.3d 541, 544 (8th Cir. 2009).

A party may bring an FTCA claim in federal court only after exhausting the FTCA's administrative remedies. Rollo-Carlson as Trustee for Flackus-Carlson v. United States, 971 F.3d 768, 770 (8th Cir. 2020). The administrative process includes first presenting the claim to the appropriate federal agency. Id. "The presentment

5

requirement is a jurisdictional precondition to filing an FTCA action in federal court." Mader, 654 F.3d at 805. "If a statute is jurisdictional, a court cannot excuse or waive the exhaustion requirement, and a party's failure to exhaust bars review." Bartlett v. United States Dept. of Agric., 716 F.3d 464, 472 (8th Cir. 2013). "Presentment . . . must be pleaded and proven by the FTCA claimant." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). A properly presented claim must identify the claimants and sufficiently describe the nature of the claims. Farmers State Sav. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989).

1.  **Presentment Requirement of the FTCA**

Although the FTCA bars suit unless a claim is first presented to the appropriate federal agency, the statute itself does not explicitly state what is required to properly present an FTCA administrative claim. Mader, 654 F.3d at 798. The Code of Federal Regulations clarifies the presentment requirement:

> For purposes of the provisions of 28 U.S.C. § 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied <u>by evidence of his authority to present a claim on behalf of the claimant</u> as agent, executor, administrator, parent, guardian, or other representative.

28 C.F.R. § 14.2(a) (emphasis added). Additionally, the Standard Form 95 used to present a claim includes instructions requiring evidence of authority if the claim is filed by a guardian or other representative. (Doc. 1-1, p. 2).

In the past, courts have disagreed as to a representative's duty to provide evidence of authority to submit an administrative claim on behalf of a claimant. Mader,

6

654 F.3d at 798. In Lunsford v. United States, the Eighth Circuit interpreted the presentment requirement as necessary to facilitate settlement and held evidence of such authority must be filed with the claim. 570 F.2d 221, 226 (8th Cir. 1977). However, in Farmers, the Eighth Circuit held the presentment requirement may be satisfied by "providing in writing: (1) sufficient information for the agency to investigate the claim; and (2) the amount of damages sought." 866 F.2d at 277. Farmers did not discuss whether a representative needed to include evidence of authority to bring a claim. Under the Eighth Circuit's interpretation of § 2675(a) in Farmers, so long as a claimant provided enough information to an agency to investigate the claim and an amount of damages sought, the claim was properly presented. See id. But in Mader, the Eighth Circuit, sitting en banc, clarified the presentment requirement. 654 F.3d at 803.

"The Eighth Circuit directly addressed and resolved the divide in authority among Eighth Circuit panels on the evidence-of-authority question in its en banc decision in Mader." Runs After v. United States, No. 10-cv-3019, 2012 WL 2951556, at *4 (D.S.D. July 19, 2012). In Mader, the court held the panel majority in Farmers should have applied the first-in-time interpretation of § 2675(a) from Lunsford. Mader, 654 F.3d at 800 (explaining that when a court is faced with conflicting panel opinions, the earliest opinion must be followed). The court concluded "a properly "presented" claim under § 2675(a) must include evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law." Id. at 803. The court reasoned this interpretation gives "federal agencies a fair opportunity to meaningfully consider, ascertain, adjust, determine, compromise, deny, or settle FTCA claims prior to suit." Id. at 801. "Agencies simply cannot meaningfully consider FTCA claims with an eye towards

settlement if representatives fail to first present evidence of their authority to act on behalf of claims' beneficiaries." Id. at 803.

Additionally, the court described this requirement as "far from burdensome" but rather "fundamental to the meaningful administrative consideration and settlement process." Id. at 803-04. The presentment requirement is not a "pointless administrative hurdle." Id. at 803. Indeed, if a representative is authorized to present an FTCA claim on behalf of beneficiaries under applicable state law, that representative is likely to possess evidence of such authority. Id. at 804.

Hennager contends "the case at bar is distinguishable from Mader and, for this reason, requires compatible divergence from that opinion." (Doc. 16, p. 9). Hennager asserts because Mader did not involve the need to protect the rights of a minor, the plaintiff in Mader concealed her lack of authority to bring a claim, and the United States requested proof of authority from the plaintiff in Mader, this court should not apply the presentment requirement as described in Mader. Id. at 8. Hennager focuses on the factual distinctions between this case and Mader but offers no Eighth Circuit authority to support his position.

As the United States correctly noted in its reply brief, the Eighth Circuit declined to make an exception to the presentment requirement of the FTCA in Runs After, 511 F. App'x at 597. That case, like this one, involved an administrative claim alleging the negligence of a juvenile facility resulted in the sexual assault of a minor. Runs After, 2012 WL 2951556, at *1. The plaintiff in Runs After did not provide any Eighth Circuit authority supporting an extenuating circumstances exception, just as Hennager has not provided any Eighth Circuit authority for this court to consider in creating such an exception. See Runs After, 511 F. App'x at 597. Though Mader did not directly address

8

FTCA claims on behalf of minors, the court recognized representation issues might also include "questions of age." Mader, 654 F.3d at 803. Mader suggested no exception for claims on behalf of minors. This court is not persuaded by Hennager's contention that it should disregard the precedent set in Mader because the interests of a minor are implicated and recommends the district judge not make an exception to the presentment requirement of the FTCA.

Additionally, Hennager's contention that the present case is distinguishable from Mader because he now presented proof of authority to bring a claim on behalf of A.R.T. is misguided. In Mader, the plaintiff argued "her failure to strictly comply with the [presentment] requirement was harmless." Mader, 654 F.3d at 805. But the court agreed with the government's contention that the "district court properly dismissed Ms. Mader's action because strict compliance with § 2675(a) is a jurisdictional prerequisite to suit under the FTCA." Id. (emphasis added). The court did not affirm the district court's decision solely based on the plaintiff's lack of authority to bring the claim. The court merely noted the plaintiff did not have standing to assert the wrongful death claim at issue, in addition to the lack of subject matter jurisdiction. Id. at 808. Similarly, here it is irrelevant whether Hennager had the authority to bring a claim on behalf of A.R.T. since his administrative claim was not accompanied by evidence establishing his authority. Because Hennager failed to strictly comply with § 2675(a), he has not met the jurisdictional prerequisite to file suit under the FTCA in federal court. See id. at 805; Rollo-Carlson, 971 F.3d at 770.

Moreover, Hennager did not submit evidence of his authority to bring the claim until after he filed suit in federal district court, two years after presenting his claim to the BIE. (See Doc. 22-1, pp. 1-2, see also Doc. 1-1, p. 1). While Hennager is correct in

9

noting "the court may properly consider matters outside the pleadings when ruling on a motion to dismiss for lack of subject matter jurisdiction," (Doc. 16, p. 3), that premise does not apply here because evidence of authority must be "asserted <u>contemporaneously</u> with the filing of the claim by one who files on behalf of a claimant." <u>Lunsford</u>, 570 F.2d at 226 (emphasis added). "Compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA suit in district court." <u>Mader</u>, 654 F.3d at 805. Though Hennager is A.R.T.'s legal guardian and was in possession of evidence of such authority, he did not fulfill an essential element of the presentment requirement.

Finally, Hennager asserts the present case is distinguishable from <u>Mader</u> and <u>Runs After</u> because the United States did not request proof of his authority to bring the claim. (Doc. 16, p. 10). Hennager notes in <u>Mader</u> and <u>Runs After</u> the federal agencies contacted the claimants on multiple occasions to request evidence of their authority to bring the claim. <u>Id.</u> at 9-10. But it is not the agency's burden to solicit evidence of a representative's authority to bring a claim. In <u>Wheeler v. United States</u>, the court held it lacked jurisdiction over the plaintiff's claim because it was the plaintiff's burden, and not the burden of the agency, to prove it received her claim. 571 F. App'x 504 (8th Cir. 2014). Likewise, the BIE was under no obligation to request evidence from Hennager to support his claim. As the United States points out, "plaintiff cannot cite any legal authority holding federal agencies have a burden to help representatives submit evidence of authority to act on behalf of FTCA claimants." (Doc. 24, p. 8). Moreover, Hennager never inquired as to the status of the claim after filing it with the BIE. In this court's opinion, Hennager cannot be excused from the presentment requirement of the FTCA because the BIE did not request evidence in support of his claim.

**2.      Hennager's Individual Administrative Claim**

As previously discussed, the FTCA grants federal district courts exclusive jurisdiction over claims "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "If there are multiple claimants, each claimant must submit his or her own administrative claim before pursuing an FTCA lawsuit." Simms by and through Vaughn v. United States, No. 4:19-cv-1201, 2019 WL 4451257, at *2 (E.D. Mo. Sept. 17, 2019) (citing Lunsford, 570 F.2d at 226).

FTCA claims presented to a federal agency need not be identical to claims which are later brought in federal district court. An administrative claim is required only to include "facts that would enable a legally trained mind to anticipate the legal theories that could be presented on account of those allegations." Edwards v. United States, 57 F. Supp. 3d 938, 949 (D. Minn. 2014). Although the Eighth Circuit has held it will "liberally construe an administrative charge for exhaustion of remedies purposes," it has also noted the distinction between a claim lacking specificity and a claim which was never made. Allen, 590 F.3d at 544. A plaintiff may not proceed with a claim in federal district court where crucial facts forming the basis of that claim were omitted from the administrative claim. See Howard v. United States, No. 4:16-cv-687, 2018 WL 8729584, at *6 (E.D. Ark. June 8, 2018) (holding the plaintiff failed to exhaust administrative remedies when she neglected to "mention or describe what type of complications followed" the decedent's fall and the parties involved); see also Edwards, 57 F. Supp. 3d at 950 (explaining the court lacked jurisdiction over the plaintiff's negligence claim because she did not include facts aligning with the elements of negligence in her administrative claim).

11

The United States contends Hennager did not allege he was personally injured in his administrative claim. (Doc. 13, p. 12). The United States points out Hennager "never identified himself as an injured party" in the claim he presented to the BIE. Id. at 13. Additionally, the United States asserts a legal claim cannot be inferred from the facts provided in Hennager's administrative claim. Id. In response, Hennager asserts a claimant fulfills the FTCA presentment requirement by giving a federal agency written notice sufficient to investigate claims and specifying an amount of damages. (Doc. 16, p. 14) (citing Campbell, 795 F. Supp. at 1121). Hennager maintains he properly presented his claim to the BIE under this standard by including his name and a sum certain for damages, alleging negligence, and signing and dating the claim. Id. at 15.

Hennager's complaint alleges two counts of negligence and one count of negligent infliction of emotional distress. (Doc. 1, pp. 5-9). Under North Dakota law, "a plaintiff must prove (1) duty; (2) breach of that duty; (3) causation and (4) damages" to assert a negligence action. Barbie v. Minko Constr., Inc., 766 N.W.2d 453, 461 (N.D. 2009). A plaintiff claiming negligent infliction of emotional distress must prove "(1) extreme and outrageous conduct that is (2) intentional or reckless and that causes (3) severe emotional distress." Hysjulien v. Hill Top Home of Comfort, Inc., 827 N.W.2d 533, 549 (N.D. 2013). A plaintiff alleging negligent infliction of emotional distress must also demonstrate bodily harm. Id. Moreover, a plaintiff may not recover for emotional and mental anguish caused by their apprehension of a negligently caused injury to a third person "unless the negligent act threatened the plaintiff with harm or placed her within the zone of danger." Muchow v. Lindbald, 435 N.W.2d 918, 921 (N.D. 1989). Thus, this court must determine whether Hennager included facts in his administrative claim

which would "enable a legally trained mind" to infer his personal claims of negligence and negligent infliction of emotional distress. See Edwards, 57 F. Supp. 3d at 949.

The Standard Form 95 which Hennager presented to the BIE included instructions to state the basis of the claim, including "known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof." (Doc. 1-1, p. 1). Hennager described his claim as follows:

> The Claimant's grandson, A.R.T., DOB 2007, over whom he has custody, was sexually assaulted at the Circle of Nations school in Wahpeton, North Dakota. The sexual assault was committed by other students of the Circle of Nations school while the students were in the dormitory at night. The Claimant believes that there is a claim of negligence on the part of Nations for [failing] to provide [a safe] and secure environment for A.R.T. and for failing to properly safeguard A.R.T. from persons known to have a history of abusive behavior.

The instructions also asked the claimant to "[s]tate the nature and extent of each injury or cause of death, which forms the basis of the claim. If other than claimant, state the name of the injured person or decedent." Id. In response, Hennager stated "[t]he victim received physical injuries consistent with sexual assault. In addition, the victim received mental injuries as a result of being the victim of sexual assault." Id.

Even if Hennager's administrative claim is "liberally construed," this court cannot reasonably conclude Hennager presented his own claims for negligence and negligent infliction of emotional distress to the BIE. See Allen, 590 F.3d at 544. Hennager failed to describe his own injuries which align with the element of damages in a negligence claim. On the Standard Form 95, Hennager is listed as the claimant, but the claim described only the "victim" as an injured party. (Doc. 1-1, p. 1). Because the claim stated the

13

"victim" suffered physical and mental injuries as a result of being sexually assaulted, it must be inferred the individual described as the "victim" is A.R.T. Id. Thus, the claim described only the physical and mental injuries A.R.T. allegedly suffered. There is no mention of Hennager's injuries nor is there any way to infer Hennager's injuries from the description of A.R.T.'s injuries. In his complaint, Hennager repeatedly alleges he "sustained and continues to sustain serious, permanent physical and emotional injuries," (Doc. 1, pp. 6-9), but the administrative claim did not include facts describing those alleged injuries.

Additionally, under North Dakota law, a claim for negligent infliction of emotional distress requires a plaintiff to demonstrate bodily harm, and the administrative claim does not suggest Hennager suffered bodily harm. Alternatively, Hennager did not include facts in the administrative claim which suggested he was threatened with harm or present at the time A.R.T. was injured. Therefore, by presenting an administrative claim to the BIE which lacked adequate facts to infer his own claims of negligence and negligent infliction of emotional distress, Hennager failed to exhaust administrative remedies, and this court lacks jurisdiction over his individual claim.

## Recommendation

The district judge should conclude the court does not have subject matter jurisdiction because of plaintiff's failure to exhaust his administrative remedies under the FTCA. Pursuant to Rule 12(b)(1), this court therefore **RECOMMENDS** the motion to dismiss for lack of jurisdiction be **GRANTED** and the complaint be **DISMISSED**. Because the briefs thoroughly address the issues, the motion for a hearing should be **DENIED**.

Dated this 4th day of November, 2020.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

### Notice of Right to Object[3]

Any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **November 18, 2020**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may result in forfeiture of the right to seek review in the Court of Appeals.

---

[3] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.