# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| John Hennager, individually, and as the legal guardian on behalf of A.R.T., a minor, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| United States of America, | ) ) |
| Defendant. | ) ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Case No. 3:19-cv-00258

Invoking the Federal Tort Claims Act ("FTCA"), Plaintiff John Hennager filed a complaint alleging injury to himself and A.R.T., a minor child, resulting from the negligence of the Bureau of Indian Education ("BIE").[1]  Doc. No. 1.  The complaint avers that the Circle of Nations School in Wahpeton, North Dakota ("Circle of Nations"), negligently failed to prevent a sexual assault perpetrated upon A.R.T. in a dormitory at the school.  See id. ¶¶ 10-11.  Circle of Nations is an inter-tribal, off-reservation boarding school funded by a grant from the BIE.  Id. ¶ 7.

Defendant United States of America moved to dismiss the complaint for lack of jurisdiction, contending Hennager failed to adequately exhaust administrative remedies.  Doc. No. 12.  Hennager responded in opposition to the motion and simultaneously moved for a hearing.  Doc. Nos. 16, 20.  After briefing concluded, the Court referred the motions to Magistrate Judge Alice R. Senechal.  Doc. No. 26.

On November 4, 2020, the magistrate judge issued a Report and Recommendation in which she recommended that the Court grant the United States' motion and dismiss the complaint without a hearing.  Doc. No. 28.  The Report and Recommendation highlighted two defects in the

---

[1] The Bureau of Indian Education is a division of the Bureau of Indian Affairs, which is in turn an agency of the United States Department of the Interior.  Doc. No. 14, ¶ 2.

administrative claim Hennager presented to the BIE.  First, when Hennager submitted a Standard Form 95 to commence the administrative remedy process, he failed to supply proof of his authority to bring a claim on A.R.T.'s behalf as mandated by 28 C.F.R. § 14.2(a).  Id. at 6-10.  Second, Hennager's Standard Form 95 failed to establish a sufficient factual basis for the claims lodged in his individual capacity.  Id. at 11-14.  Because adequate presentment of an administrative claim to the appropriate agency is a jurisdictional prerequisite to suit in federal district court under the FTCA, the magistrate judge concluded that the Court lacks subject matter jurisdiction.  Id. at 14.

Hennager filed an objection to the Report and Recommendation on November 18, 2020.  Doc. No. 29.  In the objection, Hennager contends that the BIE had actual notice of his authority to present a claim on A.R.T.'s behalf before and contemporaneous to receiving his Standard Form 95.[2]  Specifically, Hennager claims Circle of Nations possessed "guardianship documents" that verified his status as A.R.T.'s legal guardian.  Relying exclusively on this purported actual notice, Hennager assails the Report and Recommendation both as reaching an absurd result at odds with the FTCA's intent and as failing to distinguish the present case from prior decisions of the Eighth Circuit Court of Appeals where the United States did not possess such notice.  These arguments are waived, unsupported by the record, and incorrect on the law.

A party cannot raise arguments in an objection to a Report and Recommendation that were not presented to the magistrate judge.  Ridenour v. Boehringer Ingelheim Pharms., Inc., 679 F.3d 1062, 1067 (8th Cir. 2012); see also Hammann v. 1-800 Ideas.com, Inc., 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006).  In response to the motion to dismiss, Hennager contended variously: (1) that he actually complied with the presentment requirement by filing a custody order with his brief; (2)

---

[2] The objection does not challenge the magistrate judge's determination that Hennager failed to present his individual capacity claims to the BIE.  See Doc. No. 29.

that the Court should excuse technical compliance with the presentment requirement based on the overriding interests of A.R.T. as an injured minor child; and (3) that the United States never contacted him after he submitted his Standard Form 95 to request proof of authority to bring a claim on A.R.T.'s behalf.  The objection's belated attempt to raise a new legal theory predicated on actual notice directly contradicts the principle that litigants may not "run one version of their case past the [magistrate judge], then another past the district court."  Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000) (citation omitted).  Hennager waived any actual notice arguments by failing to present them to the magistrate judge.  The objection is therefore overruled in total.

Even if not waived, Hennager's actual notice theory wholly lacks factual support.  Nothing in the record evinces that Circle of Nations or the BIE possessed the vaguely referenced guardianship documents before receipt of Hennager's administrative claim.  Indeed, neither the complaint nor the materials submitted outside the pleadings so much as hints at that possibility.  The objection falters for that reason as well.

Finally, assuming the BIE did possess relevant guardianship documents, that still would not excuse Hennager's failure to submit proof of authority with his Standard Form 95.  Instructive on this point is the Eighth Circuit's recent decision in Rollo-Carlson as Trustee for Flackus-Carlson v. United States, 971 F.3d 768 (8th Cir. 2020).  In that case, the plaintiff brought an FTCA lawsuit alleging that the Department of Veterans Affairs ("VA") caused her son's death by providing negligent psychiatric care.  Id. at 769.  The district court dismissed for lack of jurisdiction based on the plaintiff's failure to provide proof of authority as trustee with her administrative claim.  Id. at 770.  On appeal, the plaintiff asserted that the VA had actual notice of her authority prior to receiving the administrative claim because it repeatedly acknowledged her next-of-kin status following her son's death.  Id. at 771.  Even so, the Eighth Circuit rejected actual notice as an

exception to the presentment requirement.  Id.  The court explained, "To the extent [the plaintiff] argues that she is excused from her obligation to show she was the appointed trustee because the VA had evidence indicating she had authority to act on [her son's] behalf in another capacity and in other contexts, the presentment requirement contains no such exception. . . ."  Id. (citing 28 C.F.R. § 14.2(a)).  The Eighth Circuit consequently affirmed dismissal.

Rollo-Carlson forecloses Hennager's actual notice objection.  Strict compliance with the presentment requirement is essential before turning to federal district court for relief.  Mader v. United States, 654 F.3d 794, 805 (8th Cir. 2011) (en banc).  Without dispute, the administrative claim that Hennager submitted to the BIE failed to provide proof of his authority to bring a claim on A.R.T.'s behalf.  The Court lacks subject matter jurisdiction as a result.

Having reviewed the Report and Recommendation, Hennager's objection, the relevant legal authority, and the entire record, the Court agrees with Judge Senechal's thorough analysis.  Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. No. 28) in its entirety.  The United States' motion to dismiss for lack of jurisdiction (Doc. No. 12) is **GRANTED**.  Hennager's complaint is hereby **DISMISSED WITHOUT PREJUDICE**.  Considering the comprehensive briefing submitted, the motion for hearing (Doc. No. 20) is **DENIED**.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 30th day of November, 2020.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court